THOMAS E. MOSS, Idaho Bar No. 1058
United States Attorney
WENDY J. OLSON
Assistant United States Attorney
District of Idaho
Washington Group Plaza IV, Suite 600
800 East Park Boulevard
Boise, Idaho  83712
Telephone:  (208) 334-1211
Facsimile:  (208) 334-1413

LORETTA KING
Acting Assistant Attorney General
United States Department of Justice
Civil Rights Division
ERIN ASLAN
Trial Attorney
Criminal Section - PHB 5810
950 Pennsylvania Avenue, NW
Washington, District of Columbia  20530
Telephone:  (202) 514-3204
Facsimile:  (202) 514-8336

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | CR No. 09-033-S-EJL |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MICHAEL J. BULLARD, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' OPPOSITION TO BULLARD'S MOTION
FOR RELEASE PENDING SENTENCING**

The United States, by and through undersigned counsel, respectfully submits this opposition to defendant Bullard's motion for release pending sentencing.  Sentencing is set October 19, 2009.

**I.     PROCEDURAL BACKGROUND**

On July 22, 2009, following a jury trial, defendant Bullard was convicted on one count of violating 18 U.S.C. § 241 and one count of violating 18 U.S.C. §§ 245(b)(2)(F) and 2.  His convictions arose out of his involvement in the July 4, 2008, racially-motivated beating of R.S. at the Wal-Mart Supercenter store on 12th Avenue Road in Nampa, Idaho.  After the verdict was returned, the Court ordered defendant Bullard, who had been detained pending trial, to be detained pending sentencing.  On August 21, 2009, defendant Bullard moved for release pending sentencing.  (Dkt. No. 194.)  The United States opposes any such release.

**II.    LEGAL ANALYSIS**

Defendant Bullard moves for release pending sentencing on the grounds that he can present clear and convincing evidence that there are conditions of release that would assure his appearance at sentencing and the safety of the community.  This argument is insufficient to overcome the statutory presumption for detention following conviction of a crime of violence.

Release of a defendant pending sentencing is governed by 18 U.S.C. § 3143.  Subsection (a)(1) allows for a defendant's release upon a showing by clear and convincing evidence that the defendant is not likely to flee or pose a danger to the community.  However, subsection (a)(1) does not apply in this case because defendant Bullard was convicted of a crime of violence.  See 18 U.S.C. §§ 3143(a)(2), 3142(f)(1)(A).

In pertinent part, 18 U.S.C. §§ 16 and 3156(a)(4)(A) define a "crime of violence" as an offense that has as an element of the offense, "the use, attempted use, or threatened use of physical force against the person or property of another."  Defendant Bullard was convicted of violating, among other things, 18 U.S.C. §§ 245(b)(2)(F). The elements of a 245(b)(2)(F) violation are: (1) that the defendant used or threatened the use of force; (2) that the defendant willfully injured, intimidated, or interfered with the victim, or attempted to do so; (3) that the

defendant acted because of the victim's race, color, or national origin; (4) that the defendant acted because the victim was enjoying the goods, services, facilities, privileges, advantages, or accommodations of an establishment within the premises of which is physically located a restaurant and place of entertainment; and (5) that bodily injury resulted. See 18 U.S.C.§ 245(b); see also generally United States v. Allen, 341 F.3d 870, 878-79 (9th Cir. 2003). Defendant Bullard's convictions in this case arise out of his involvement in a racially-motivated beating that resulted in bodily injury to the victim, R.S. At trial, there was evidence presented of defendant Bullard's role in instigating this attack. There was also evidence presented that defendant Bullard prepared for the beating, laid in wait for R.S., chased R.S. approximately 350 feet, and beat R.S. until R.S. was rendered unconscious. Thus, both the facts of this case and the governing law establish that defendant Bullard was convicted of a crime of violence.[1]

Where a defendant is convicted of a crime of violence, there is a presumption that he will be detained pending sentencing. 18 U.S.C. § 3143(a)(2) ("The judicial officer shall order that a person who has been found guilty of [a crime of violence] and is awaiting imposition or execution of sentence be detained . . . .") (emphasis added). This presumption can be overcome in only two narrow circumstances, neither of which apply in this case. To avoid the mandatory detention provisions of Section 3143(a)(2), either the Court must find that "there is a substantial likelihood that a motion for acquittal or new trial will be granted" or the United States must "recommend[ ] that no sentence of imprisonment be imposed on the person." 18 U.S.C. § 3143(a)(2)(A)(I), (ii). In this case, defendant Bullard's motion for judgment of acquittal was

---

[1] The United States' position is that 18 U.S.C. § 241 is also a crime of violence under 18 U.S.C. § 3156(a)(4)(B) because it is a felony and "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." However, in an effort to streamline its arguments, the United States has focused only on 18 U.S.C. § 245 in this opposition.

denied. He has not renewed his motion for a judgment of acquittal or moved for a new trial; indeed the period of time for any such motions has elapsed. See Fed.R.Crim.P. 29(c)(1), 33(b)(2). Moreover, nothing occurred during defendant Bullard's trial that would make it substantially likely that a motion for acquittal or for a new trial would be granted, had any such motion been filed. In addition, the United States will be seeking a sentence of imprisonment for defendant Bullard. Thus, neither of the two exceptions to mandatory detention apply in this case.

Finally, even if one of these exceptions were available, the Court must further find "by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B). Defendant Bullard would not be able to prove by clear and convincing evidence that there are conditions that would assure his appearance at sentencing and the safety of the community. He has a significant criminal history that includes an escape conviction, and he committed his violent offenses in this case while on probation. Thus, detention in this case pending sentencing is mandatory.

### III. CONCLUSION

For the reasons set forth above, the United States opposes defendant Bullard's motion for release pending sentencing.

DATED this 24th day of August, 2009.

                                    THOMAS E. MOSS
                                    United States Attorney
                                    District of Idaho
                                    By:

                                    _____
                                    /s/ Wendy J. Olson
                                    Assistant United States Attorney


                                    LORETTA KING
                                    Acting Assistant Attorney General
                                    United States Department of Justice
                                    Civil Rights Division
                                    By:

                                    _____
                                    /s/ Erin Aslan
                                    Trial Attorney
                                    Criminal Section

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office for the District of Idaho, and that a copy of the foregoing United States' Opposition to Defendant Bullard's Motion for Release Pending Sentencing was served on all parties named below this 24th day of August, 2009.

  ___ United States Mail, postage prepaid

  ___ Hand delivery

  ___ Facsimile Transmission (fax)

  ___ Federal Express

  _x_ ECF Filing

Ms. Elisa Massoth
Ketlinski, Massoth, Rebholtz & Soper, PLLC
Attorneys at Law
910 East Cleveland Boulevard
Caldwell, Idaho 83605
Attorney for Michael J. Bullard

            /s/ Wendy J. Olson