*THOMAS E. MOSS, Idaho Bar No. 1058*
*United States Attorney*
*WENDY J. OLSON*
*Assistant United States Attorney*
*District of Idaho*
*Washington Group Plaza IV, Suite 600*
*800 East Park Boulevard*
*Boise, Idaho 83712*
*Telephone: (208) 334-1211*
*Facsimile: (208) 334-1413*

*TOM PEREZ*
*Assistant Attorney General*
*United States Department of Justice*
*Civil Rights Division*
*ERIN ASLAN*
*Trial Attorney*
*Criminal Section - PHB 5810*
*950 Pennsylvania Avenue, NW*
*Washington, District of Columbia 20530*
*Telephone: (202) 514-3204*
*Facsimile: (202) 514-8336*

### UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CR No. 09-033-S-EJL |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S SENTENCING |
| vs. | ) | MEMORANDUM AS TO |
| | ) | DEFENDANT BULLARD |
| MICHAEL J. BULLARD, | ) | |
| JENNIFER J. HARTPENCE, | ) | |
| a/k/a JENNIFER ERICKSON, | ) | |
| RICHARD C. ARMSTRONG, | ) | |
| JAMES D. WHITEWATER, | ) | |
| | ) | |
| Defendants. | ) | |

The United States of America, through its undersigned counsel, files this sentencing

memorandum setting forth its sentencing recommendation for defendant Michael J. Bullard,

opposing the defendant's objections to the presentence investigation report, and opposing the defendant's motions for downward departure.  The United States recommends that this Court sentence defendant Michael J. Bullard  to a term of imprisonment of 57 months.

FACTUAL AND PROCEDURAL BACKGROUND

On July 22, 2009, a federal jury sitting in Boise, Idaho, returned guilty verdicts against defendants Michael J. Bullard and Richard C. Armstrong on one count of conspiring to deprive the victim, Raylen Smith, of his federally-protected rights, in violation of 18 U.S.C. § 241, and one count of willfully intimidating and interfering with Raylen Smith's right to enjoy a public accommodation through force or threat of force because of Raylen Smith's race, color, or national origin, while aiding and abetting one another, in violation of 18 U.S.C. § 245.  On July 15, 2009, defendant James D. Whitewater pled guilty to one count of conspiring to deprive the victim, Raylen Smith, of his federally-protected rights, in violation of 18 U.S.C. § 241.  He then testified in the United States' case-in-chief at trial.  The charges arose out of the defendants' racially motivated beating of Raylen Smith, a young African American man, in the parking lot of a Wal-Mart Supercenter store in Nampa, Idaho, on July 4, 2008.  Raylen Smith suffered bodily injury as a result of the defendants' actions.  At the time of this beating, the Wal-Mart store housed both a McDonald's restaurant and a video game arcade.

Defendants Bullard and Armstrong, who were detained pending trial, remained in custody after the jury returned its verdicts.  Sentencing is set for November 3, 2009.

THE PRESENTENCE INVESTIGATION REPORT AND OBJECTIONS

The presentence investigation report (PSIR) established a total adjusted offense level of 15, criminal history category VI, for a sentencing guidelines range of 41-51 months.  Both parties filed objections to the PSIR.  The United States contends that the sentencing guidelines

computation should include a two-level increase under U.S.S.G. § 3C1.1., obstruction of justice, because defendant Bullard perjured himself at trial.

Defendant Bullard objects to his criminal history category, contending that several convictions were the result of uncounseled guilty pleas that did not involve knowing waivers. He further contends that his criminal history category overstates the seriousness of his criminal conduct.  He also seeks downward departures based on his severe physical abuse as a youth, his lack of youthful guidance and for a combination of factors.

SENTENCING RECOMMENDATION AND ARGUMENT

A district court is to impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment.  18 U.S.C. § 3553(a); United States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008).  The district court must first calculate the applicable sentencing guidelines range.  The guidelines are "the 'starting point and the initial benchmark,'" and are to be kept in mind throughout the process.  Id. at 991, (citing Kimbrough v. United States, 128 S.Ct. 558, 574 (2007)); Gall v. United States, 128 S.Ct. 586, 596-97 n.6 (2007).  In resolving guidelines disputes, the sentencing court must make factual findings by a preponderance of the evidence, unless an enhancement has a "disproportionate effect" on a defendant's sentence.  United States v. Clark, 452 F.3d 1082, 1085-86 (9th Cir. 2006)(citations omitted).

After calculating the guidelines range, the district court must consider the 18 U.S.C. § 3553(a) factors in reaching a reasonable sentence, viewing the guidelines range as discretionary.  United States v. Waknine, 543 F.3d 546 (9th Cir. 2008); see also United States v. Stoterau, 524 F.3d 988, 998-99 (9th Cir. 2008) (describing a two-step process for reviewing a

3

sentence for reasonableness, ensuring there was no significant procedural error, such as failing to calculate, or improperly calculating, the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the sentence; then reviewing for substantive reasonableness taking into account the totality of the circumstances).  The Ninth Circuit has found that a sentence may be reasonable even if it is above or below the guidelines range.  See United States v. Bad Marriage, 439 F.3d 534, 539 (9th Cir. 2006)(sentence above the guidelines reasonable); United States v. Menyweather, 431 F.3d 692, 702 (9th Cir. 2005)(sentence below the guidelines reasonable).  Sentences at the statutory maximum, United States v. Williamson, 439 F.3d 1125, 1141 (9th Cir. 2006), at the top of the guidelines range, United States v. Plouffe, 436 F.3d 1062, 1063 (9th Cir. 2006), or at the bottom of the guidelines range, United States v. Rodriguez-Rodriguez, 441 F.3d 767, 771 (9th Cir. 2006), may be reasonable.

> **A.** **Defendant Bullard's Total Adjust Offense Level Should Be 17, Criminal History Category VI, for a Guidelines Range of 51-63 Months**
>
> > 1. This Court Should Impose a Two-Level Increase for Obstruction of Justice

U.S.S.G. § 3C1.1 provides that a defendant's offense level shall be increased by two levels where "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction."  The commission of perjury falls within the scope of the obstructive conduct encompassed by § 3C1.1.  U.S.S.G. § 3C1.1, comment. (n. 4(b)) (2008); United States v. Dunnigan, 507 U.S. 87, 92-93 (1993), abrogated on other grounds, United States v. Wells, 519 U.S. 482 (1997); United States v. Garro, 517 F.3d 1163, 1171 (9th Cir. 2008); United States v. Cabaccang, 481 F.3d 1176, 1187 (9th Cir. 2007).

While a defendant has an absolute right to deny his guilt and testify in his own defense, a defendant does not have the right to falsely deny his guilt under oath or otherwise commit perjury in an effort to avoid conviction.  U.S.S.G. § 3C1.1, comment. (n.2, 4(b)) (2008); Dunnigan, 507 U.S. at 96.  As the Supreme Court has explained, "[t]he perjuring defendant's willingness to frustrate judicial proceedings to avoid criminal liability suggests that the need for incapacitation and retribution is heightened as compared with the defendant charged with the same crime who allows judicial proceedings to progress without resorting to perjury."  Id. at 97-98.  For that reason, when the Court finds that the defendant perjured himself at trial, the application of § 3C1.1 is mandatory.  United States v. Alvarado-Guizar, 361 F.3d 597, 600 (9th Cir. 2004); United States v. Ancheta, 38 F.3d 1114, 1117-18 (9th Cir. 1994).

The two-level upward adjustment for obstruction of justice through perjury is required when the Court finds that "(1) the defendant gave false testimony, (2) on a material matter, (3) with willful intent."  Garro, 517 F.3d at 1171; see also United States v. Jimenez-Ortega, 472 F.3d 1102, 1103 (9th Cir. 2007); Ancheta, 38 F.3d at 1118.  In this case, there is an ample basis upon which to conclude that defendant Bullard's testimony at trial satisfied each of these elements.

At trial, defendant Bullard testified falsely in several respects.  First, defendant Bullard denied that he conspired to assault and assaulted Raylen Smith because he was African American.  This testimony was contradicted by several other witnesses at trial, including Raylen Smith, James Whitewater, and Natalie Whitewater, as well as the evidence of defendant Bullard's racial animus, such as defendant Bullard's use of racial slurs and display of symbols of white supremacy.  Second, defendant Bullard denied at trial having asked the victim, Raylen Smith, "What country do you think you're in?" in the parking lot outside the Wal-Mart Supercenter store immediately before the attack.  Instead, defendant Bullard claimed that he merely asked Mr. Smith, "What the problem is?" or words to that effect.  Defendant Bullard's

testimony in this respect was contradicted by nearly all other eyewitnesses, including Raylen Smith, James Whitewater, and Jennifer Hartpence. Third, defendant Bullard testified at trial that he was not wearing a white "wife-beater" tank top underneath his t-shirt when he assaulted Mr. Smith. This testimony was contradicted by the same three witnesses, Raylen Smith, James Whitewater, and Jennifer Hartpence.

Defendant Bullard's false testimony related to material matters, including his motive and intent, statements, and attire at the time of the attack on Raylen Smith. The rationale for defendant Bullard's agreement to beat and the beating of Raylen Smith was a central element of the case. Indeed, both charges against defendant Bullard, 18 U.S.C. §§ 241 and 245, required evidence that the defendants had a racial motivation for the conspiracy and ensuing attack. Defendant Bullard's statement to Raylen Smith just prior to the beating were material precisely because they reflected defendant Bullard's motive and intent when he confronted, chased, and beat Raylen Smith. Finally, defendant Bullard's attire – the white "wife-beater" tank top – was material because it was a key piece of evidence corroborating defendant Bullard's identity as the principal assailant.

Lastly, defendant Bullard's false statements were made willfully, and not because of confusion, mistake, or faulty memory. Before he testified at trial, defendant Bullard had the opportunity to hear the testimony of all the United States' witnesses. Defendant Bullard heard Raylen Smith testify that the assailant wearing a white "wife-beater" t-shirt confronted him in the parking lot, asked him, "What country do you think you're in?," and then chased and beat him unconscious. Defendant Bullard heard other witnesses corroborate Smith's account, and testify as to defendant Bullard's racial motivation for his actions, which was reflected in his remarks before and after the attack. Defendant Bullard knew that his motive, statements, and

attire were important issues in the case and he willfully testified falsely with respect to these (and other) issues in an effort to avoid criminal responsibility for his actions.

For all of these reasons, this Court should impose a two level increase under § 3C1.1 for obstruction of justice.

2.      The Defendant's Criminal History Category is Properly Calculated and
Does Not Overstate the Seriousness of His Criminal Conduct

Defendant Bullard contends that his criminal history category overstates the seriousness of his criminal conduct and that his criminal history improperly includes convictions resulting from uncounseled guilty pleas.  He asks the Court to downward depart for these reasons.  The United States objects to any such downward departure for this defendant.

This defendant should not receive any downward departure based on his criminal history category overstating the seriousness of his criminal conduct.  See U.S.S.G. § 4A1.3 (policy statement)(downward departure permissible where criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes); United States v. Brown, 985 F.2d 478, 481 (9th Cir. 1993).

Defendant Bullard's PSIR counts 13 criminal history points, putting him at the low end of criminal history category VI.  However, defendant Bullard initially received 14 points for a variety of offenses, including eight points under § 4A1.1(c).  However, because the guidelines only allow four points to count under § 4A1.1(c), the PSIR determined that he had a subtotal of ten criminal history points.  PSIR, para. 84.  The defendant received three additional points because he was on probation at the time of his offense in this case and because this crime was committed less than two years after release from imprisonment on a sentence counted under § 4A1.1(b).  PSIR, paras. 85-86.

The United States Sentencing Guidelines' criminal history chapter allocates points based both on the seriousness and timing of a criminal conviction. Where a defendant commits another crime while on probation for a prior crime, additional criminal history points are allocated. These provisions were properly applied to defendant Bullard. This defendant's criminal history category properly recognizes both the sheer number of his prior convictions and the fact that they have occurred within a relatively short period of time. His criminal history category properly reflects that he is at great risk to commit additional crimes.

Defendant Bullard also contends that several of his convictions should not be counted because they were the result of uncounseled guilty pleas without valid waivers. As of the date of the filing of this sentencing memorandum, the United States has not seen any documentation or other evidence supporting this assertion. To the contrary, the PSIR reflects that on each occasion where the defendant pled guilty without legal representation, documents reflect that the defendant knowingly waived his right to counsel. PSIR, para. 64, 65, 66, 68, 70, 76, 77, 78, 79, 81. Accordingly, the defendant's motion for a downward departure or reduction in his criminal history category should be denied.

3.       No Downward Departures Are Warranted

Defendant Bullard asks this Court to depart downward in its guidelines calculation for three reasons: (1) severe physical abuse; (2) lack of guidance as a youth; and (3) a combination of factors. No departures are warranted.

U.S.S.G. § 5H1.3 provides that mental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the applicable guidelines range. The Ninth Circuit has held that this provision includes the impact of childhood abuse on the offender. United States v. Roe, 976 F.2d 1216, 1218 (1992). Thus, the psychological effects of childhood abuse can be considered only if such abuse was "extraordinary." United States v.

Walker, 256 F.3d 891, 894 (9th Cir. 2001).  Although defendant Bullard provides child protective services reports and police reports regarding his physical and sexual abuse as a child in California, he provides no evidence regarding the psychological effects of this abuse, or its relationship to the crime he committed in this case, some ten years after the last report provided by defense counsel.  Moreover, at trial, this defendant called a number of adult witnesses who testified, among other things, that they have provided him with support and with positive family and neighbor relationships.

A sentencing court has the discretion to depart downward for lack of youthful guidance. See United States v. Floyd, 945 F.2d 1096 (9th Cir. 1991), overruled on other grounds, 990 F.2d 501 (9th Cir 1993).  In determining whether to depart and the reasonableness of the extent of any departure on this basis, the Court should assess the impact of the defendant's lack of youthful guidance on the crime for which he is being sentenced.  See Floyd, 945 F.2d at 1102; United States v. Anders, 956 F.2d 907, 913 (9th Cir. 1992).

Again, although the United States is sympathetic to defendant Bullard's challenging upbringing, it submits that the evidence is insufficient for this Court to exercise its discretion to downward depart.  Again, the defendant's own trial evidence established that since moving to Idaho he has had extensive proper guidance from other adults, including family members and neighbors.  Finally, again, the defendant cannot demonstrate the impact his lack of youthful guidance had on his commission of the offenses for which he is being sentenced.  This Court should deny a departure on this basis.

9

Defendant Bullard also asks this Court to depart downward for a combination of the factors he sets forth above.  No such departure is warranted.  The defendant has not demonstrated any relationship between his abusive youth and his decision to target an African American man for a beating.  He has not demonstrated any relationship between his abusive youth and his decision to chase and beat an African American man to the point where the man blacked out.  This Court should deny the defendant's request for a downward departure based on a combination of factors.

**B.      This Court Should Impose a Reasonable Sentence of 57 Months**

The United States recommends that this Court impose a reasonable sentence of 57 months.  Under 18 U.S.C. § 3553(a), this sentence is sufficient, but no longer than necessary, to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; to protect the public; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment.

1.      <u>Nature, Circumstances and Seriousness of Offense</u>

The offense conduct factors weigh heavily in favor of and strongly support the United States' recommendation of a 57-month sentence.  This defendant, along with co-defendants Armstrong and Whitewater, targeted Raylen Smith, an African-American, to threaten, intimidate and injure.  Raylen Smith entered the Wal-Mart store simply to purchase milk for his cereal.  He was exercising his federally protected right to enjoy a place of public accommodation free from interference based on race.  He did not know, nor had he ever previously seen, his assailants.  All that defendant Bullard and his coconspirators knew about Raylen Smith was that he was African American and in Wal-Mart.  This defendant confronted Raylen Smith in the Wal-Mart parking lot, asked him if he knew what country he was in, flicked a cigarette at him, and chased him through the parking lot, straddling and, with the help of his coconspirators, beating him until he

blacked out.  Back at the apartment where he and the others had been drinking, defendant Bullard bragged about his conduct.

That Raylen Smith's injuries were no more serious than physical pain, bruising and soreness is by no design of this defendant and his coconspirators.  Had Raylen Smith been more seriously injured, the United States would have recommended a longer term of imprisonment.

This defendant's criminal conduct is of a kind that tears at the very fabric of American democracy and constitutional ideals.  It is a serious offense that merits a significant term of imprisonment, particularly where this defendant has accepted no responsibility and acknowledged no misconduct.

        2.    <u>History and characteristics of the defendant</u>

The defendant's history and characteristics also support the United States' recommendation for a 57-month sentence, the middle of the applicable guidelines range.  The United States acknowledges that this defendant has had a difficult childhood.  As a young child, he was treated poorly by adults in his life.  However, in recent years, he has had significant adult and extended family support in more recent years.  At trial, he called as character witnesses extended family members now living in Boise, a neighbor and another adult friend, Traci Maes.

More significantly, the defendant's extensive criminal history supports a reasonable sentence in the middle of the applicable guidelines range.  As an adult over the last four years, this defendant's convictions include petty theft (theft of a purse from a woman for whom he was working), aiding and abetting grand theft (stolen motor vehicles), petty theft and malicious injury to property (stealing and breaking into a vending machine), possession of drug paraphernalia (glass marijuana pipe), petty theft (shoplifting a bag of beef jerky), and escape (allowed to leave Canyon County jail to turn in a job application, failed to do so, and found at home).  PSIR, paras. 72-76, 80-82.  In addition, two of the incidents for which this defendant

was adjudicated delinquent as a juvenile involved spray-painting or writing racially derogatory or threatening words or symbols.  As the United States set out in its initial Rule 404(b) notice and proffered at trial, in or about July 11, 2002, when defendant Bullard was fifteen years old, he was convicted of injury by graffiti, I.C. § 18-7036, and malicious injury to property, I.C. § 18-7001, based on his having, among other things, spray-painted the words "white power" on a building in Middleton, Idaho, and on his skateboard.

Accordingly, the defendant's history and characteristics support a 57-month sentence.

3.      Need for sentence imposed to promote respect for the law

The need to promote respect for the law also weighs heavily in favor of a 57-month sentence for defendant Bullard.  Even if this Court does not impose a two-level enhancement for obstruction of justice based on defendant Bullard's perjured trial testimony, it can consider his false statements at trial under this 3553(a) factor.  This defendant decided to forego exercising his Fifth Amendment right against self-incrimination and elected to testify.  As set forth in the United States' objection and above, when he did so, he made a number of false statements designed to exculpate himself.  The jury's guilty verdicts demonstrate that they, at least, believed the defendant lied.

A 57-month sentence in this case also would promote respect for this nation's civil rights laws, the laws that protect every person's rights to enjoy a place of public accommodation free from interference based on race.

Finally, because this defendant has a history of escape and failure to appear, PSIR paras. 78, 82, a lengthy sentence is even more necessary to promote respect for the law.  Accordingly, this factor strongly supports the United States' 57-month recommended sentence.

4.      <u>Need for sentence imposed to provide adequate deterrence</u>

The need to provide adequate deterrence, both specific and general, also weighs in favor of and strongly supports the United States' recommendation fo a 57-month sentence.  This defendant and others who would target and assault another person based on the person's race and the person's exercise of a federally protected right must know that such actions will be strongly punished and will not be tolerated in any part of the United States.  Where this defendant has not accepted responsibility, continues to contest aspects of the jury's guilty verdicts against him, and continues to place blame on his victim, specific deterrence through a significant prison sentence is particularly warranted.

5.      Need for sentence imposed to protect the public from further crimes of the <u>defendant</u>

The need to protect the public also weighs heavily in favor of and strongly supports the United States' recommendation.  Although this defendant does not have the same history of violent conduct as does defendant Armstrong, his decision to select an assault victim based on race poses a particular danger to the community and, indeed, to all of society.  As well, this defendant has demonstrated a continued general inability to conform his conduct to the law.  A 57-month sentence will protect the public from further crimes of the defendant.

6.      <u>Need for sentence imposed to provide just punishment</u>

The need to provide just punishment and to avoid unwarranted sentencing disparities among co-defendants also weighs heavily in favor of and strongly supports the United States' sentencing recommendations.  The United States is separately filing sentencing memoranda for defendants Richard C. Armstrong and James D. Whitewater.  The United States is recommending that defendant Armstrong be sentenced to a term of imprisonment of 57 months.

The United States is recommending an 18-month sentence for defendant Whitewater. The disparity in his sentence is warranted because of his acceptance of responsibility and his cooperation with the United States in the investigation and prosecution of this case. Accordingly, a 57-month sentence for defendant Bullard will promote just punishment and avoid unwarranted sentencing disparities.

7.    Availability of/need for rehabilitation options

The availability of and need for rehabilitation options weighs in favor of the United States' recommended 57-month sentence.  Defendant Bullard would benefit from various rehabilitation options during a period of incarceration.

8.    The kinds of sentences available

The kinds of sentences available are consistent with the United States' recommendation of a 57-month sentence.  The sentence is within, and at the mid-range, of the applicable sentencing guidelines range for an offense level of 17, criminal history category VI.  In addition, it is well below the ten-year statutory maximum for each of counts one and two.

CONCLUSION

For the reasons set forth above, the United States respectfully requests that this Court grant the United States' objection to the PSIR, deny defendant Bullard's objections and motions for a downward departure, and impose a sentence of 57 months imprisonment.

Dated this 27th day of October, 2009.

THOMAS E. MOSS
United States Attorney


_____

/s/ Wendy J. Olson
Assistant United States Attorney


TOM PEREZ
Assistant Attorney General
United States Department of Justice
Civil Rights Division
By:


_____

/s/ Erin Aslan
Trial Attorney
Criminal Section

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that I am an employee of the United States Attorney's Office for the

District of Idaho, and that a copy of the foregoing Government's Sentencing Memorandum as to

Defendant Bullard was served on all parties named below this 27th day of October, 2009.

   ___ United States Mail, postage prepaid
   ___ Hand delivery
   ___ Facsimile Transmission (fax)
   ___ Federal Express
   _x_ ECF Filing

   Ms. Elisa Massoth
   Ketlinski, Massoth, Rebholtz & Soper, PLLC
   Attorneys at Law
   910 East Cleveland Boulevard
   Caldwell, Idaho 83605
   Attorney for Michael J. Bullard

   Mr. John C. DeFranco
   Ellsworth, Kallas, Talboy & DeFranco, PLLC
   Attorneys at Law
   1031 East Park Boulevard
   Boise, Idaho 83712
   Attorney for Jennifer J. Hartpence, a/k/a Jennifer Erickson

   Mr. R. Wade Curtis
   Belnap, Curtis & Williams, PLLC
   Attorneys at Law
   1401 North Shoreline Drive, Suite 2
   Post Office Box 7685
   Boise, Idaho 83707-1685
   Attorney for Richard C. Armstrong

   Mr. Gustav Rosenheim
   Rosenheim Law Office
   960 Broadway, Suite 210
   Boise, Idaho 83706
   Attorney for James D. Whitewater

         _____
         /s/ Wendy J. Olson